| | |
|---|---|
| 1 | JOHNSON & PHAM, LLP |
|   | Christopher D. Johnson, SBN: 222698 |
| 2 |   E-mail: cjohnson@johnsonpham.com |
| 3 | Christopher Q. Pham, SBN: 206697 |
|   |   E-mail: cpham@johnsonpham.com |
| 4 | Marcus F. Chaney, SBN: 245227 |
| 5 |   E-mail: mchaney@johnsonpham.com |
|   | 6355 Topanga Canyon Boulevard, Suite 115 |
| 6 | Woodland Hills, California 91367 |
| 7 | Telephone:  (818) 888-7540 |
|   | Facsimile:   (818) 888-7544 |
| 8 | |
| 9 | Attorneys for Plaintiff                                      **MADE JS-6** |
|   | CJ PRODUCTS, LLC |
| 10 | |
| 11 | PETER C. BRONSTEIN LAW OFFICES |
|   | Peter C. Bronstein, Esq. |
| 12 |   E-mail: peterbronz@yahoo.com |
| 13 | 1925 Century Park East, Suite 500 |
|   | Los Angeles, California 90067 |
| 14 | Telephone:  (310) 203-2249 |
| 15 | Facsimile:   (310) 203-2259 |
| 16 | |
|    | THE KARADAG LAW FIRM, PLC |
| 17 | Yalcin Karadag, Esq. (Texas Bar No. 24015046) |
|    |   E-mail: yalcin@k-lawfirm.com |
| 18 | 7706 Richmond Avenue |
| 19 | Houston, Texas 77063 |
|    | Telephone:  (713) 888-0606 |
| 20 | Facsimile:   (713) 244-0606 |
| 21 | |
|    | Attorneys for Defendant |
| 22 | GULF COAST VENTURES, INC. |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 1 -
**[PROPOSED]  PERMANENT INJUNCTION**

1
2
3

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 4  CJ PRODUCTS, LLC, a California<br>5  Limited Liability Company,<br>6           Plaintiff,<br>7  vs.<br>8<br>9  GULF COAST VENTURES, INC., a<br>   Texas Corporation d/b/a UJ TOYS; UJ<br>10 TRADING, a Business Entity of<br>11 Unknown Status; and Does 1-10,<br>   Inclusive,<br>12<br>13          Defendants. | Case No.: CV10-03844 GW (Ex))<br><br>**PERMANENT INJUNCTION, AGAINST DEFENDANTS GULF COAST VENTURES, INC., d/b/a UJ TOYS; UJ TRADING** |

14

15  The Court, pursuant to the Stipulation For Entry of Final Judgment,
16  Including Permanent Injunction ("Stipulation"), between Plaintiff CJ PRODUCTS,
17  LLC ("Plaintiff"), on the one hand, and Defendants GULF COAST VENTURES,
18  INC. d/b/a UJ TOYS, UJ TRADING, including its subsidiaries, related entities,
19  officers, directors, assigns, employees, distributors, retailers, and/or agents
20  ("Defendants"), on the other hand, hereby ORDERS, ADJUDICATES and
21  DECREES that permanent injunction, shall be and hereby is entered on the
22  Complaint in the above-referenced matter as follows:

23      1.  **PERMANENT INJUNCTION.**  Defendants and any person or entity
24  acting in concert with, or at the direction of them, including any and all agents,
25  servants, employees, partners, assignees, distributors, suppliers, resellers and any
26  others over which he may exercise control, are hereby restrained and enjoined,
27  pursuant to 15 U.S.C. §1116, from engaging in, directly or indirectly, or
28  authorizing or assisting any third party to engage in, any of the following activities

in the United States and throughout the world:

    a.    copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's Copyrights, Trademarks, and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise. Specifically, the line of plush toys that can be converted into pillows including (i) long pile fabric on the top of the plush animal; (ii) short pile fabric on the belly of the animal; and (iii) any form of a plush animals' feet, toes, and/or legs in a triangular configuration of approximately eighty through one hundred-twenty degrees, in short pile fabric, in the corners of the body of the animal extending down and out. Except as provided in paragraphs 2a-2d, Defendants may use the long pile fabric on the belly of the plush animal, short pile fabric on the top of the plush animal, or both long or short pile fabric on the top and/or belly of the plush animal.

    b.    performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Copyrights, Trademarks, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    c.    engaging in any acts of federal and/or state copyright, trademark and/or false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

    d.    using any Internet domain name or website that includes any of Plaintiff's Copyrights and Trademarks, including but not limited to the My Pillow

1  Pets® marks.

2      2.    Defendants are ordered to liquidate no more than seven-thousand three hundred unauthorized products, including alleged counterfeit My Pillow Pets® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under his control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendants' possession.

    3.    This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

    4.    The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

    5.    **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction, and the Permanent Injunction herein.

    6.    **NO FEES AND COSTS**.  Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 13th day of April, 2011.

_____
HON. GEORGE H. WU
United States District Judge for the Central District of California